UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED LEASING, INC.**                                        **CIVIL ACTION**

**VERSUS**                                                      **NO: 10-2099**

**SNAP FITNESS-JACKSON, LLC, ET AL.**                           **SECTION: "C" (2)**

**ORDER AND REASONS**[1]

Before the Court is Plaintiff United Leasing, Inc.'s ("United Leasing") Motion for Summary Judgment against Defendants. (Rec. Doc. 23). Defendants oppose the motion. (Rec. Doc. 28). Having reviewed the record, motions of counsel, and the law, the motion is GRANTED IN PART and DENIED IN PART for the following reasons.

## I. Background

This case involves the alleged breach of four agreements: two leases and their respective guaranties. The following facts are uncontested. On February 1, 2008, Plaintiff executed a Master Equipment Lease agreement (the "Jackson Lease") with Defendant Snap Fitness-Jackson, LLC ("Snap Fitness-Jackson"), whereby Plaintiff agreed to lease certain equipment ("Jackson Equipment") for use in connection with Snap Fitness-Jackson's business activities. (Rec. Doc. 23-1 at 1); (Rec. Doc. 23-3) (Jackson Lease). On January 28, 2008, Defendants Brett and Julie Oubre (together, the "Oubres") executed a lease guaranty ("Jackson Lease Guaranty"), in which they agreed to "jointly and severally, unconditionally guarantee[] and promise[] to pay or perform for [United Leasing] any and all obligations of [Snap Fitness-Jackson] under the [Jackson Lease]." (Rec. Doc. 23-1 at 3); (Rec. Doc. 23-3 at 9) (Jackson Lease Guaranty).

---

[1] Sami Dudar, a third-year law student at the University of Georgia School of Law, assisted in the drafting of this order.

1

On February 20, 2008, Plaintiff executed a similar Master Equipment Lease agreement (the "Perkins Lease") with Defendant Snap of Perkins, LLC ("Snap of Perkins"), leasing certain equipment ("Perkins Equipment") for use in connection with Snap of Perkins' business activities. (Rec. Doc. 23-1 at 3); (Rec. Doc. 23-3) (Perkins Lease). The Oubres similarly executed a lease guaranty ("Perkins Lease Guaranty") in favor of United Leasing. (Rec. Doc. 23-1 at 5); (Rec. Doc. 23-3 at 18) (Perkins Lease Guaranty).

Plaintiff alleges that since April 2010, Snap Fitness-Jackson has failed to make its contractual monthly payments. (Rec. Doc. 23-1 at 6). On June 8, 2010, Plaintiff, in accordance with the Jackson Lease, took possession of and sold the Jackson Equipment to Southern Oaks Athletic Club, LLC[2] ("Southern Oaks") after Snap Fitness-Jackson surrendered the equipment. *Id.* at 7; (Rec. Doc. 23-3 at 22-24) (Bill of Sale and accompanying check).

Plaintiff similarly alleges that Snap of Perkins has defaulted on its contractual payments since March 2010. (Rec. Doc. 23-1 at 7). Plaintiff likewise took possession and later sold the Perkins Equipment on June 8, 2010[3] to the highest of three bidders. (Rec. Doc. 23-1 at 9).

On July 27, 2010, Plaintiff initiated this lawsuit, seeking damages for breaches of the Jackson and Perkins Leases and corresponding guaranties. (Rec. Doc. 1 at 6-7). On May 24,

---

[2] Plaintiff identifies–and Defendants do not contest–Southern Oaks as the third parties to whom Snap Fitness-Jackson had been subletting the Jackson Equipment in violation of the Jackson Lease. (Rec. Doc. 23-1 at 7); *see* (Rec. Doc. 23-3 at 3, para. 14) ("NO ASSIGNMENT OR SUBLEASE") (emphasis in original).

[3] This Court believes Plaintiff has misidentified the date on which the Perkins Equipment was sold. In its motion and accompanying affidavit, Plaintiff states that the Perkins Equipment was sold on July 8, 2010. (Rec. Doc. 23-1 at 9); (Rec. Doc. 23-3 at 8). However, in the terms and conditions of the purported Perkins Equipment sale, the sale is dated June 8, 2010. (Rec. Doc. 23-3 at 25). This date conforms to the email sent on June 8, 2010, requesting "access to [United Leasing's] equipment at Perkins," after having sold the package. *Id*. at 21.

2011, Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Rec. Doc. 23).

## II. Law and Analysis

### A. Standard of Review

Summary judgment is proper where neither the pleadings nor the evidence demonstrate the existence of a genuine issue of material fact, entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989). The substantive law determines a fact's materiality. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden "of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact." *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

After the movant has carried its initial burden, the burden shifts to the nonmovant to point out such evidence in the record that establishes the existence of a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24; *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998). This burden entails "more than simply show[ing] . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather the nonmovant has the burden of putting forth evidence that would support a finding of the material factual issue in its favor. *Anderson*, 477 U.S. at 249.

In its summary judgment analysis, a court is to consider all of the evidence in a light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A court will resolve factual controversies in favor of the nonmovant, "but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). A court will consider neither conclusory allegations nor unsubstantiated assertions in assessing whether the nonmovant's burden is satisfied. *Id.*; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). If the nonmovant fails to show "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Herrera,* 862 F.2d at 1157.

### B. Breach of Lease and Guaranty Agreements

This Court finds that Plaintiff has carried its burden on summary judgment to demonstrate that Defendants are in breach of their lease agreements and corresponding guaranties. Defendants neither contest the terms of the agreements to which they entered with Plaintiff, nor Plaintiff's interpretation of the agreements, nor that Defendants are in breach by defaulting on their monthly installments. (Rec. Doc. 28-3 at 1-2).

Even though they do not contest the absence of a material fact as to the breach of these agreements, Defendants' sole complaint with respect to the evidence submitted by Plaintiff is that Plaintiff's summary judgment evidence is unauthenticated under Louisiana law.[4] (Rec. Doc.

---

[4] Defendants also argue that the lack of evidence produced during discovery should preclude summary judgment. (Rec. Doc. 28-1 at 9). "Rule 56 does not require that *any* discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citations omitted; emphasis added).

4

28-1). Apart from the fact that the Federal Rules of Evidence govern the admissibility of evidence in the United States district courts, Fed. R. Evid. 1101(a), unauthenticated documents are inadmissible as summary judgment evidence. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987)) ("'[S]ummary judgment is inappropriate including affidavits, which are produced in a form that would not be admissible at trial.'"); Fed. R. Evid. 901(a) ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.").

This Court finds that Plaintiff's evidence has been validly authenticated by the sworn affidavit of Debbie Lewis. Under Federal Rule of Evidence 901(b)(1), the testimony of a witness with knowledge illustrates a proper authentication of a document. Here, Plaintiff has supplied the affidavit of Debbie Lewis, the Director of Operations for United Leasing, who has attested that each document offered as summary judgment evidence is as Plaintiff claims it to be. (Rec. Doc. 23-2). As Plaintiff's documents were either produced in part by United Leasing or Lewis herself, this Court finds that Lewis has personal knowledge to verify the documents for authentication purposes.

### C. Breach of Contract Damages

Plaintiff has also moved for summary judgment on the amounts it is owed under the lease and guaranty agreements for Defendants' contractual breaches. (Rec. Doc. 23 at 1-2). Specifically, Plaintiff claims that it is entitled to the following: (1) $117,228.05 from Defendant Snap Fitness-Jackson; (2) $70,509.28 from Defendant Snap of Perkins; (3) $187,797.33 from the

Oubres, "jointly, severally, and solidarily with Defendants Snap Fitness-Jackson and Snap of Perkins"; and (4) all attorney's fees and costs of collection. *Id.*

Defendants do contest the amount Plaintiff is owed. (Rec. Doc. 28-3 at 2). Defendants primarily argue that Plaintiff failed to dispose of the leased equipment in a commercially reasonable manner as required under La. Rev. Stat. § 10:9-610(b) because: (1) the Jackson Equipment was worth more than what it was sold for to a buyer who initially offered more than the sale price; (2) the Perkins Equipment was worth more than what it was sold for, but less than the Jackson Equipment, yet was sold for the same price as the Jackson Equipment; (3) United Leasing should have employed "an auctioneer or other third party experienced in the resale of exercise equipment"; and (4) United Leasing has not submitted evidence as to the method by which potential buyers bid on the Perkins Equipment. *Id.*

This Court finds that Plaintiff has not carried its burden to prove the absence of a material fact as to the amount that Defendants owe. First, while Plaintiff has provided sufficient evidence of the contracts involved, it has provided no record of Defendants' payments to determine how much is owed. This Court is chary of accepting Plaintiff's calculations solely at the word of Lewis' affidavit, unsupported by any business records.

Second, as Defendants point out, Plaintiff's argument that it disposed of the leased equipment in a commercially reasonable manner is unpersuasive. Plaintiff correctly identifies its right to proceed under Chapter 9 of the Louisiana Commercial Laws, La. Rev. Stat. § 9:3318(B)(2), which permits the Plaintiff to take possession of its collateral and sell it in a commercially reasonable process. La. Rev. Stat. § 10:9-609(a), 10:9-610(a). Plaintiff also correctly points out that "the term 'commercially reasonable manner' is not defined in the

Louisiana Commercial Laws." *Ford Motor Credit Co. v. Melancon*, 95-1221 (La. App. 3 Cir. 6/19/96); 677 So.2d 145, 150.

Although it cites the applicable law, Plaintiff fails to apply the appropriate standard, merely stating that "United Leasing sold the Jackson Equipment and Perkins Equipment in a commercially reasonable manner . . . ." (Rec. Doc. 23-1 at 14-15). Plaintiff makes no attempt to pigeonhole its sale processes into any of the three safe-harbors recognized in La. Rev. Stat. § 9-627(b):

> A disposition of collateral is made in a commercially reasonable manner if the disposition is made: (1) in the usual manner on any recognized market; (2) at the price current in any recognized market at the time of the disposition; or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition.

In this respect, this case is distinguishable from *CNH Capital Am., LLC v. Wilmot Farming Ventures, LLC*, No. 07-0611, 2008 WL 2386166 (W.D. La. June 11, 2008). There, the secured party actually produced evidence that it disposed of its collateral "in a recognized online market." *Id*. at *9. Additionaly, the secured party offered evidence that the collateral was sold at or above wholesale value. *Id*. Since Plaintiff has made no showing that the Jackson Equipment sale was executed in a commercially reasonable manner, nor disclosed the bidding method that resulted in the sale of the Perkins Equipment, nor produced any estimates as to the actual value of the leased equipment at the time of sale, Plaintiff's reliance on *CNH Capital* is misplaced.

Furthermore, there is a genuine issue of material fact as to whether a greater amount could have been had at the *same* time of the sale for the Jackson Equipment. *See id*. § 9-627(a)

("The fact that a greater amount could have been obtained by a collection, enforcement, disposition, or acceptance at a *different* time or in a *different* method from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing [that the sale] was made in a commercially reasonable manner.") (emphasis added). Evidently, Defendant Brett Oubre, the manager of Snap of Perkins, was involved in United Leasing's sale attempts. *See* (Rec. Doc. 23-3 at 20) (emailing an update as to sale of leased equipment). This fact, combined with the Oubres' prior subleasing to Southern Oaks and apparent awareness of a higher offer, indicates, without further evidence, that Plaintiff could have received up to $15,000 more at the time of the Jackson Equipment sale. *See* (Rec. Doc. 28-2 at 2) (previous offer ranged from $65,000 to $70,000, where sale price was $55,000).

### III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED as to Defendants' breach of their contractual duty to pay their monthly installments, but DENIED as to the amount Defendants owe Plaintiff.

New Orleans, Louisiana, this 20th of July, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE